# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 17-0238V
### Filed: November 9, 2018
UNPUBLISHED

|  |  |
|---|---|
| SONYA BOWEN,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Processing Unit (SPU);<br>Attorneys' Fees and Costs |

*Joseph Alexander Vuckovich, Maglio Christopher & Toale, PA, Washington, DC, for petitioner.*
*Darryl R. Wishard, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 21, 2017, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that She suffered a shoulder injury related to vaccine administration ("SIRVA") resulting from an influenza ("flu") vaccination. Petition at 1-3. On March 26, 2018, the undersigned issued a decision awarding compensation to petitioner based on the parties' stipulation. ECF No. 39.

---

[1] The undersigned intends to post this decision on the United States Court of Federal Claims' website. **This means the decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access. Because this unpublished decision contains a reasoned explanation for the action in this case, undersigned is required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 18, 2018, petitioner filed a motion for attorneys' fees and costs.  ECF No. 44.  Petitioner requests attorneys' fees in the amount of $29,239.20 and attorneys' costs in the amount of $1,329.05.  *Id.* at 1-2.  In compliance with General Order #9, petitioner filed a signed statement indicating that petitioner incurred no out-of-pocket expenses.  *Id.* at 2.  Thus, the total amount requested is $30,568.25.

On July 18, 2018, respondent filed a response to petitioner's motion.  ECF No. 45.  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  *Id.* at 3.

On July 18, 2018, petitioner filed a reply.  ECF No. 46.  Petitioner disputes respondent's position that he has no role in resolving attorneys' fees and costs and further reiterates his view that his attorneys' fees and costs in this case are reasonable.

The undersigned has reviewed the billing records submitted with petitioner's request and finds a reduction in the amount of fees to be awarded appropriate for the reasons listed below.

## I. Legal Standard

The Vaccine Act permits an award of reasonable attorneys' fees and costs. § 15(e).  Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred."  *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. at 482, 484 (1991).  She "should present adequate proof [of the attorneys' fees and costs sought] at the time of the submission."  *Id.* at 484 n.1.  Petitioner's counsel

"should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley,* 461 U.S. at 434.

## II. Attorneys' Fees

### A. Joseph Vuckovich

Petitioner requests compensation for Joseph A. Vuckovich at a rate of $305 for 2016, $313.00 for 2017 and $323.00 for 2018.  ECF No. 34-2 at 11.  The undersigned finds it necessary to reduce the requested rates due to Mr. Vuckovich's limited experience in the Vaccine Program. Considering Mr. Vuckovich's skill, experience, quality of work, reputation and the undersigned's experience evaluating fee applications in Vaccine Act cases, the undersigned finds that the following rates are appropriate for Mr. Vuckovich: rates of $275 for work performed in 2016, $290 for work performed in 2017 and $300 for work performed in 2018.[3] This results in a **reduction of fees requested in the amount of $1,873.10**.[4]

### B. Danielle Strait

Attorney Danielle Strait billed 0.40 hours in 2016 at a rate of $306 per hour.  ECF No. 44-1 at 24. The undersigned shall reduce Ms. Strait's hourly rate to the previously awarded rate of $300 for 2016.  *See Schultheis v. Sec'y of Health & Human Servs.,* No. 13-0781V, 2017 U.S. Claims LEXIS 759, at *5 (Fed. Cl. Spec. Mstr. June 5, 2017) (setting Ms. Strait's rate for 2016). This results in a **reduction of fees in the amount of $2.40**.

### C. Administrative Time

Upon review of the billing records submitted, it appears that a number of entries are for tasks considered clerical or administrative. It is clearly established that secretarial work "should be considered as normal overhead office costs included within the attorneys' fee rates." *Rochester v. U.S.*, 18 Cl. Ct. 379, 387 (1989); *Dingle v. Sec'y of Health & Human Servs.*, No. 08-579V, 2014 WL 630473, at *4 (Fed. Cl. Spec. Mstr. Jan. 24, 2014).  "[B]illing for clerical and other secretarial work is not permitted in the Vaccine Program." *Mostovoy*, 2016 WL 720969, at *5 (citing *Rochester*, 18 Cl. Ct. at

---

[3] The undersigned addressed Mr. Vuckovich's rates for work performed from 2016 – 2018 and found the awarded rates were appropriate. *Shawgo v. Sec'y of Health & Human Servs.*, No. 17-0306 at *7 (Fed. Cl. Spec. Mstr. Oct. 10, 2018).

[4] This amount consist of ($305 - $275 x 27.40 hrs = $822) + ($313 - $290 x 22.7 = $522.10) + ($323 - $300 x 23 hrs = $529) = $1,873.10.

387).  A total of 5.3 hours[5] was billed by Mr. Vuckovich and the paralegals on tasks considered administrative including, opening and setting up client files, organizing client file, updating notes and sending correspondence. For these reasons the request for attorney's fees will be **reduced in the amount of $851.20**.[6]

### III. Attorneys' Costs

Petitioner requests reimbursement for costs incurred from Maglio Christopher & Toale in the amount of $1,329.05.  ECF No. 44 at 2.  After reviewing petitioner's invoices, the undersigned finds no cause to reduce petitioner's' request and awards the full amount of attorney costs sought.

Based on the reasonableness of petitioner's request and the lack of opposition from respondent, the undersigned **GRANTS IN PART** petitioner's motion for attorneys' fees in the reduced amounts and costs.

**Accordingly, the undersigned awards the total of $27,841.55[7] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Joseph A. Vuckovich.  Petitioner requests check be forwarded to Maglio Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota, Florida 34236.**

The clerk of the court shall enter judgment in accordance herewith.[8]

**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[5] Examples of these entries include: January 7, 2016 (0.5 hrs) "Prepare retainer packet for attorney review", June 16, 2017 (0.2 hrs) "Review client file and make necessary update to notes", September 19, 2017 (0.10 hrs) "Review travel documentation and add to client file", March 26, 2018 (0.10hrs) "Review correspondence received regarding stipulation delivery. Update file accordingly." and June 1, 2018 (0.30 hrs) "Review and organize case documents."  ECF No. 44-1 at 1, 8, 11, and 18.  These entries are merely example and are not exhaustive.

[6] This amount consists of 1.8 hours at $105 per hour, 0.1 hours at $135 per hour, 1.5 hours at $145 per hour, 0.9 hours at $148 per hour, 0.2 hours at the already reduced rate of $290 per hour and 0.8 hours at the already reduced rate of $300 per hour.

[7] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.